UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JAMES E. COLEMAN,                   )
                                    )
       Plaintiff,                   )
                                    )
   v.                               )   Civil Action No. 12-1352 (PLF)
                                    )
JEH JOHNSON, Secretary of the United States )
Department of Homeland Security,    )
                                    )
       Defendant.                   )
_____ )

MEMORANDUM OPINION AND ORDER

       Plaintiff James E. Coleman has filed a motion seeking leave to take the deposition of a representative of the United States Office of Personnel Management ("OPM"). The motion was filed in response to an Amended Order issued on September 30, 2014, in which the Court granted Mr. Coleman's request to extend discovery deadlines to permit him to take two other additional depositions. See Amended Order [Dkt. No. 27]. In the Amended Order, the Court also addressed Mr. Coleman's request for leave to depose an OPM representative, directing that Mr. Coleman make this request by separate motion. Id. at 2.

       In his separately filed motion, Mr. Coleman contends that discovery concerning OPM guidelines is relevant to his claim that the defendant's decision not to select him for a promotion was motivated by discriminatory animus, because courts, in determining whether the government's asserted reason for an employment action actually is a pretext for discrimination, often examine whether the employer deviated from established personnel practices and policies. See Pl.'s Motion at 2 [Dkt. No. 28]. But as the defendant points out in its opposition

memorandum, Mr. Coleman wholly fails to explain why his ability to make arguments regarding OPM policies, guidelines, and regulations — and regarding the defendant's allegedly pretextual reliance upon them — depends on the procurement of deposition testimony from an OPM representative. See Def.'s Opposition at 2 [Dkt. No. 29]. Mr. Coleman (having filed no reply) fails to rebut this argument. He also fails to counter the defendant's assertion that federal regulations would preclude an OPM representative from serving as an opinion or expert witness on behalf of a party that is not the United States government. See id. at 2-3; see also United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). For these reasons, the Court concludes that the plaintiff should not be permitted to take the deposition of an OPM representative.

Accordingly, it is hereby

ORDERED that the plaintiff's motion to depose an OPM representative [Dkt. No. 28] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 23, 2014